THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GLENDA F. HARRIS, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. 2:09-CV-765-TFM
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
    Defendant. )

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's *Application for Attorney Fees Under the Equal Access to Justice Act*. *See* Doc. 19, filed Nov. 30, 2010. Plaintiff seeks an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the total amount of $1,843.75 to be paid directly to Plaintiff's counsel. Defendant contends that his position in this matter was "substantially justified," and that, as a result, the motion should be denied. *See* Doc. 21. Defendant also claims that, should attorney's fees be awarded, such award should be payable to Plaintiff rather than Plaintiff's counsel. *Id*.

Under the EAJA, the court is required to award attorney's fees to the prevailing plaintiff in a Social Security appeal "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002) (quoting 28 U.S.C. § 2412(d)(1)(A)). "The government's

position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - i.e. when it has a reasonable basis in both law and fact. The government bears the burden of showing that its position was substantially justified." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (internal quotations and citations omitted).

The Court remanded this case to the Commissioner, hence Plaintiff was made a "prevailing party," upon entry of the Court's Memorandum Opinion and Order (Doc. 17) and Judgment (Doc. 18) of reversal. The Court ordered reversal and remand because the Administrative Law Judge (ALJ) "failed to properly consider the alleged side effects of Plaintiff's medications." *See* Doc. 17 at p. 14. Specifically, the ALJ gave no indication that he considered the side effects of Harris' medications on her ability to work. The responsibility for assessing a claimant's residual functional capacity ("RFC") belongs to the ALJ at the hearing level. 20 C.F.R. § 404.1546(c). The RFC determination must be "based on *all* the relevant evidence in [the] case record" including the medical evidence. *See* 20 C.F.R. § 404.1545(a) and (c) (emphasis added). The Court found that the ALJ did not properly consider *all* of the evidence before him because there was no reference to the side effect of Harris' prescription medications and that failure to address constitutes legal error requiring remand for further proceedings.

The Commissioner argues that the Plaintiff is not entitled to fees because his position was "substantially justified as to this issue because it had a reasonable basis in both fact and

in law." *See* Doc. 21 at p. 3. In short, the Commissioner argues that the RFC finding was reasonable regardless of the fact that the Commissioner failed to address the medications' side effects and it can be reasonably implied from the ALJ's credibility analysis that he gave little weight to the Plaintiff's testimony as to the medication side effects. Though the Commissioner grudgingly admits that the ALJ did not specifically refer to or acknowledge the medications, he still maintains that the failure to address was substantially justified. *See id.* at p. 4. Basically, the Commissioner now attempts to clear the "substantial justification" hurdle by claiming that, notwithstanding any error, the ALJ's RFC determination was reasonable. The Court is somewhat baffled by the Commissioner's argument and finds that the Commissioner misses the point. The Court did not order reversal based on a finding that the ALJ's RFC determination was unreasonable. Rather, the Court ordered reversal because the ALJ failed in his duty to properly consider all the medical evidence in the record when determining the plaintiff's residual functional capacity. Specifically, he failed to comply with the legal requirement that he consider all the medical evidence when he failed to address the medications' side effects. Consequently, the Commissioner's position was not reasonable in law and not substantially justified. Therefore, the plaintiff is entitled to an award of fees under EAJA.

The Plaintiff seeks fees in the amount of $1,843.75. The Commissioner does not challenge any of the hours expended by counsel as unreasonable nor does he challenge the hourly rate. He does, however, contend that, in light of recent Supreme Court authority, *see*

*Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), any award of attorney's fees should be made payable to Plaintiff rather than his counsel. While *Ratliff* generally confirms that attorney's fee awards under the EAJA are payable to the "prevailing party" - the litigant - and are thus subject to offset any debt owed by such litigant to the United States, *see id.* at 2524, the opinion does not explicitly reject the practice of awarding fees to attorneys where the litigant has assigned the right to receive such fees directly. Indeed, the opinion recognizes that this practice continues "in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2529 (internal quotations omitted).

However, despite the above, the Court has received no evidence of an assignment in this case. The application (Doc. 19) has three exhibits: (a) an affidavit from counsel that the invoice is true and correct, (b) a computation sheet showing the work done, rate, time spent, and the total cost, and (c) a copy of the Order granting Plaintiff's *in forma pauperis* application. *See* Doc. 19, exhibits. Nor does Plaintiff's reply contain a copy of an assignment agreement. *See* Doc. 23. Consequently, the Court cannot and will not pay the fees directly to the plaintiff's attorney. Instead, the fees are awarded directly to the Plaintiff.

Accordingly, it is ORDERED that the *Application for Attorney Fees Under the Equal Access to Justice Act* (Doc. 19) is GRANTED. Attorney fees and expenses in the amount of $1,843.75 shall be made payable to Plaintiff subject to any offset which may be applicable under 31 U.S.C. § 3716.

DONE this 24th day of March, 2011.

                                   /s/ Terry F. Moorer
                                   TERRY F. MOORER
                                   UNITED STATES MAGISTRATE JUDGE